IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, § § § | |
| Plaintiff, § | |
| v. § | Civil Action No. |
| § | |
| BRIGGS EQUIPMENT, INC., § | C O M P L A I N T |
| § | JURY TRIAL DEMAND |
| Defendant. § | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, Black, and to provide appropriate relief to Bobby D. Wysong who was adversely affected by such practices. More specifically, Plaintiff, Equal Employment Opportunity Commission (the "Commission"), alleges that Defendant, Briggs Equipment, Inc. subjected Bobby D. Wysong to a racially hostile work environment and disparate discipline which culminated in his discharge based on his race, Black.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.    The employment practices alleged to be unlawful were committed within

*Plaintiff's Original Complaint*                                                                                                                           *Page 1*

the jurisdiction of the United States District Court for the Southern District of Texas, Laredo Division.

## PARTIES

3. Plaintiff, the Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Briggs Equipment, Inc. ("Defendant" or "Briggs"), has continuously been a Delaware corporation doing business in the State of Texas and the City of Laredo, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Bobby D. Wysong filed a charge with the Commission alleging violations of Title VII by Defendant Briggs.

7. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least January 2006, Defendant Briggs engaged in unlawful employment practices at its Laredo, Texas facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a), in that Defendant Briggs subjected Bobby D. Wysong to a racially hostile work environment and disparate discipline culminating in his discharge based on his race, Black.

The facts showing that Mr. Wysong was subjected to a racially hostile work environment culminating in his discharge based on race, Black, include the following: Mr. Wysong, an African American, worked for Briggs as a Road Service Technician. Mr. Wysong's supervisor at Briggs regularly used the N-word when addressing Mr. Wysong, made racial jokes against Blacks, and hurled insults toward Mr. Wysong such as "you're the only real slave here." The supervisor also singled Mr. Wysong out for harsher treatment, writing him up and threatening to fire him for mistakes that Wysong's non-black co-workers were merely allowed to correct. These actions culminated in Mr. Wysong's discharge in February 2009, after which the supervisor stated "I have got rid of that dark horse."

9. The effect of the practices complained of in paragraph eight (8) above has been to deprive Bobby D. Wysong of equal employment opportunities and to otherwise adversely affect his status as an employee because of his race, Black.

10. The unlawful employment practices complained of in paragraph eight (8) above were intentional.

11. The unlawful employment practices complained of in paragraph eight (8) above were done with malice or with reckless indifference to the federally protected rights of Bobby D. Wysong.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice which facilitates,

condones, or encourages a hostile work environment based on race and any other employment practice which discriminates on the basis of race, Black;

    B.    Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for Blacks, and which eradicate the effects of its past and present unlawful employment practices;

    C.    Order Defendant Employer to make whole Bobby D. Wysong by providing appropriate backpay with prejudgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Bobby D. Wysong or front pay in lieu thereof;

    D.    Order Defendant Employer to make whole Bobby D. Wysong, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph eight (8) above, including but not limited to, relocation expenses, job search expenses, and medical expenses, in an amount to be determined at trial;

    E.    Order Defendant Employer to make whole Bobby D. Wysong by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices complained of in paragraph eight (8) above, including, but not limited to, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, depression, humiliation, loss of confidence and self-esteem, in an amount to determined at trial;

    F.    Order Defendant Employer Bobby D. Wysong punitive damages for engaging in discriminatory practices with malice or reckless indifference to Bobby D.

Wysong's federally protected rights as described in paragraph eight (8) above, in an amount to be determined at trial;

 G. Grant such further relief as the Court deems necessary and proper in the public interest; and

 H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

 Respectfully submitted,

 P. DAVID LOPEZ
 General Counsel

 JAMES L. LEE
 Deputy General Counsel

 GWENDOLYN YOUNG REAMS
 Associate General Counsel

 _____
 ROBERT A. CANINO
 Regional Attorney
 Oklahoma State Bar No. 011782
 *by permission*

 _____
 JUDITH G. TAYLOR
 Supervisory Trial Attorney
 Texas Bar No. 19708300
 E-mail: judith.taylor@eeoc.gov

_____
EDWARD JUAREZ
Senior Trial Attorney
Texas Bar No. 24014498
E-mail: eduardo.juarez@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
San Antonio Field Office
5410 Fredericksburg Rd., Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 281-7613
Facsimile: (210) 281-7669

**ATTORNEYS FOR PLAINTIFF**